986 F.2d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Madjid SALAA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-9535.
 United States Court of Appeals, Tenth Circuit.
 Jan. 19, 1993.
 
 Before McKAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT[1]
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Madjid Salaa appeals the decision of the Board of Immigration Appeals denying his application for asylum under 8 U.S.C. § 1158(a) (1988); 8 C.F.R. §§ 208.1-208.24 (1992). Mr. Salaa contends the Board erred in concluding that he is not a refugee eligible for asylum because he does not have a well-founded fear of persecution if he returns to his native country, Algeria.[2]
 
 
 3
 Mr. Salaa claims he has a well-founded fear of persecution based on three grounds. First, Mr. Salaa says he is subject to persecution because he avoided compulsory military service in Algeria. Second, Mr. Salaa contends that his political beliefs are at odds with those of the Algerian government. Finally, Mr. Salaa asserts that his beliefs as an atheist will subject him to persecution in Algeria. The Immigration Judge and the Board found Mr. Salaa's claims insufficient to support a well-founded fear of persecution. Consequently, they concluded that Mr. Salaa was not a refugee and was ineligible for asylum under the statute.
 
 
 4
 Our review of the Board's decision is for reasonable, substantial, and probative evidence supporting the decision. INS v. Elias-Zacarias, --- U.S. ----, 112 S.Ct. 812, 815 (1992). We reverse the Board only if Mr. Salaa presented evidence "such that a reasonable fact-finder would have to conclude that the requisite fear of persecution existed." Id. Reversal is warranted only if the evidence presented to the Board compels the conclusion that the party seeking asylum has a well-founded fear of persecution. Id. at n. 1.
 
 
 5
 To be eligible for asylum, Mr. Salaa has the burden of proving that he is a refugee. 8 U.S.C. § 1158(a) (1988); 8 C.F.R. § 208.13 (1992). The statute defines a refugee as one who is unable or unwilling to return to one's country of nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion...." 8 U.S.C. § 1101(a)(42) (1988).[3] The standard for proving a well-founded fear of persecution contains both objective and subjective components. Kapcia v. INS, 944 F.2d 702, 706 (10th Cir.1991). Mr. Salaa's subjective fear is irrelevant, however, until he shows objective facts that demonstrate his fear to be well founded. Id.
 
 
 6
 Upon reviewing the record, we agree that the Board had sufficient evidence to support its conclusion that Mr. Salaa failed to present objective facts supporting a well-founded fear of persecution. With respect to Mr. Salaa's avoidance of military service, he has failed to show that he will be subject to punishment beyond that imposed upon any Algerian citizen guilty of the same violation. In particular, he presented no evidence that, because of his political or religious beliefs, he can anticipate a stiffer penalty for avoiding military service.
 
 
 7
 Regarding persecution for his political beliefs, Mr. Salaa can point only to one incident in the early 1970s where he was struck by Algerian police for expressing dissatisfaction with the government. He presented no evidence that his beliefs as an atheist could lead to his persecution. Mr. Salaa's claims of possible persecution based upon his political or religious beliefs are nothing more than conclusory assertions. Such assertions are insufficient to establish eligibility for refugee status and a grant of asylum. See Kapcia, 944 F.2d at 707.
 
 
 8
 We believe that Mr. Salaa has failed to present evidence "such that a reasonable fact finder would have to conclude that the requisite fear of persecution exist[s]." Elias-Zacarias, 112 S.Ct. at 815. Consequently, we AFFIRM.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [2]
 An application for asylum is simultaneously considered as an application for withholding of deportation as well. 8 C.F.R. § 208.16(a) (1992). The standard for granting asylum is more generous than the standard for withholding deportation. Kapcia v. INS, 944 F.2d 702, 709 (10th Cir.1991). Because we hold that Mr. Salaa has not met the burden for a grant of asylum, it is unnecessary to consider whether he qualifies for withholding of deportation. Id
 
 
 [3]
 Mr. Salaa does not argue that he is entitled to asylum because of past persecution. The only evidence of possible persecution was Mr. Salaa's testimony, discussed below, that he was struck by Algerian police while a high school student